**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LOPEZ GUAPI MANUAL DE LA GARCIA,

    Petitioner,

v.                                            CASE NO: 8:06-CV-99-T-30EAJ
                                                                Crim. Case No: 8:03-CR-337-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent(s).
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate Judgment and Reinstate Appellate Rights Lost Through Dereliction of Counsel Pursuant to 28 U.S.C. §2255 and Fed.R.Cv.P., Rule 60(b)(6) (Dkt. #1) filed on January 17, 2006. The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts. After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief. Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:03-cr-337-T-30EAJ.

**I.      Background.**

Petitioner, Lopez Guapi Manual De La Garcia (hereinafter referred to as "Garcia" or "Petitioner") pled guilty to Count One of the Indictment in this case and was sentenced on June 4, 2004, to a term of ninety-seven (97) months imprisonment. Judgment (Dkt. #249) was entered on June 4, 2004.

Garcia filed an untimely Motion for Leave to File an Appeal (Dkt. #349) on February 18, 2005, which was construed as a Notice of Appeal (Dkt. #350). The Eleventh Circuit Court of Appeals dismissed Garcia's appeal on March 31, 2005, (Dkt. #356) for lack of jurisdiction and because Garcia's notice of appeal was filed more than eight months after the entry of Judgment.

> Title 28 U.S.C. § 2255 provides, in pertinent part, that:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28 U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Since Petitioner did not file a timely notice of appeal, for purposes of calculating the one-year statute of limitation for his §2255 petition, his Judgment of conviction became final on June 14, 2004, ten (10) days after it was entered. See Fed. R. App. P. 4(b)(1); Mederos v. United States, 218 F.3d 1252, 1253 (2000). His petition deadline was June 14, 2005, but he did not file it until January 17, 2006.

Applying the rules set out in AEDPA to Petitioner's motion, the Court finds that it does not survive the bar created by the one-year limitation period and is therefore time-barred. A petitioner cannot file after the expiration of the one year period unless he is entitled to an equitable tolling of the statutory one year period. Petitioner has not established that he is entitled to equitable tolling of the one-year limitation period. Petitioner does not

assert that one of the statutory exceptions to the operation of the one-year limitations period is applicable to relieve him of the consequences of his failure to file a timely § 2255 motion. *See* 28 U.S.C. § 2255 ¶ 6.

The Eleventh Circuit has held that an extension of time in which to file a § 2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999). See also Helton v. Sec. for the Dept. of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction" (citation omitted)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence. See Diaz v. Secretary for the Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing petitioner for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." Towers v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993) (citing McCoy v. Newsome, 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992);

Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)).

Furthermore, Petitioner's limited knowledge of the English language is not considered an "extraordinary circumstance" which justifies equitable tolling of the limitations period, see United States v. Montano, 381 F.3d 1276, 1280 n.5 (11th Cir. 2004) (finding that a language barrier which prohibited petitioner from timely discovering a claim for collateral relief on his own was not a basis for equitable tolling of the limitations period), and his lack of familiarity with the judicial process is likewise unavailing, see Helton v. Sec. Dep't of Corr., 259 F.3d 1310 (11th Cir. 2001). To the extent that actual innocence may be considered as an exception to the one-year limitation period, Petitioner does not assert a colorable claim of actual innocence. Thus, the Court finds that Petitioner's § 2255 motion is time-barred. See 28 U.S.C. § 2255 ¶ 6.

## **Conclusion**

For the foregoing reasons, the Court finds that the motion is subject to dismissal pursuant to the one-year limitations period applicable to § 2255 motions. Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal. See Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2004).

It is therefore ORDERED AND ADJUDGED that:

1.  Petitioner's Motion to Vacate Judgment and Reinstate Appellate Rights Lost Through Dereliction of Counsel Pursuant to 28 U.S.C. §2255 and Fed.R.Cv.P., Rule 60(b)(6)

(CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#374, in the underlying criminal case, case number 8:03-cr-337-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-99.deny 2255.wpd